Case 2:15-cv-00290 Document 58 Filed in TXSD on 04/14/16 Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
April 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERWIN BURLEY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-290 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Erwin Burley is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Allred Unit in Iowa Park, Texas. Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on July 2, 2015.[1] Petitioner claims that his constitutional rights were violated during his trial. Respondent filed a motion to dismiss on February 18, 2016 to which Petitioner responded on March 11, 2016 (D.E. 46, 51). For the reasons set forth below, it is recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be dismissed as time-barred. It is further recommended that any request for a Certificate of Appealability be denied.

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on July 2, 2015 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

## JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because Petitioner was convicted in Nueces County, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On October 15, 2010 Petitioner was indicted by the Nueces County Grand Jury on one count of possession with intent to deliver more than one gram but less than four grams of cocaine within 1,000 feet of an elementary school (I CR 3; D.E. 48-13 at p. 6).[2] Petitioner was tried by a jury and found guilty of the lesser included offense of possession of cocaine in a drug-free zone and also of being a repeat felony offender. The jury assessed a sentence of fourteen years in TDCJ-CID (I CR 74-75; D.E. 48-13 at pp. 76-77).

Petitioner filed a direct appeal and on August 31, 2012 the Thirteenth Court of Appeals affirmed his conviction. *Burley v. State*, No. 13-11-00582-CR, 2012 WL 3792114 (Tex. App. –Corpus Christi 2012, pet. ref'd)(located herein at *Ex Parte Burley*, No. WR-63,010-02 at 178-190; D.E. 49-12 at pp. 28-40). Petitioner sought a petition for discretionary review and the Texas Court of Criminal Appeals refused it on December 12, 2012. *Burley v. State*, No. PD-1444-12 (Tex. Crim. App. 2012)(D.E. 48-11). Petitioner did not seek a petition for certiorari with the United States Supreme Court.

---

[2] "CR" refers to the Clerk's Record filed herein at D.E. 48-13.

Petitioner filed an application for habeas relief in federal court on June 27, 2013. *Burley v. Stephens*, No. 2:13-CV-215 (S.D. Tex. filed June 27, 2013). His application was dismissed without prejudice on June 23, 2014 because he had not exhausted state court remedies on all of his claims. *Id.* at D.E. 53, 56, 57.

Petitioner next filed an application for habeas corpus relief in state court on May 15, 2014. *Ex Parte Burley*, WR-63,010-02 at 2-19 (D.E. 49-10 at pp. 5-22). The State filed an answer and the trial court entered findings of fact and conclusions of law on June 27, 2014, recommending that relief be denied. *Id.* at 191 (D.E. 49-12 at p. 41). The Texas Court of Criminal Appeals denied the application without written order on August 20, 2014. *Id.* at "Action Taken" page (D.E. 48-15).

Petitioner filed a letter in this Court on July 2, 2015 which was construed as a habeas petition. The District Clerk's office mailed him a habeas corpus application and he filed it on November 23, 2015 (D.E. 27). Petitioner filed an amended petition on January 22, 2016 (D.E. 38) in which he makes the following claims:

(1) He received ineffective assistance of counsel when his attorney did the following:

(a) told Petitioner that she had mailed all the discovery but had additional evidence on compact discs that Petitioner never saw;

(b) told Petitioner she had contacted family members to testify when she had not actually done so;

(c) failed to recognize that a judgment was void; and

(d) failed to subpoena critical documents and witnesses;

(2) The prosecutor knowingly allowed false testimony to be used against Petitioner;

(3) Petitioner was tried for a first degree felony offense which was used against him in another proceeding; and

(4) He is actually innocent of the offense.

Respondent argues in his motion to dismiss that Petitioner's cause of action is barred by the statute of limitations found in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Petitioner counters that he is entitled to equitable tolling of the statute of limitations.

## APPLICABLE LAW

**A. Statute of Limitations**

Respondent asserts that Petitioner's application for habeas corpus relief was filed outside the one-year limitation period set by the AEDPA. Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's conviction became final on March 12, 2013, which was the expiration of the deadline for seeking a writ of certiorari in his case.  Sup. Ct. R. 13.1; 28 U.S.C. § 2244(d)(1)(A).[3]  He had one year from that date, or until March 12, 2014, to file his federal petition.  He did not file it until July 2, 2015, more than fifteen months too late.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).  *See also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied).  However, Petitioner did not file his state habeas application until May 15, 2014, after the limitations period had expired.  A petition filed after the limitations period has run cannot toll the statute of limitations.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner also filed a federal habeas petition prior to the expiration of the statute of limitations that was dismissed for failure to exhaust state court remedies.  However,

---

[3] Pursuant to Supreme Court Rule 13.1, unless otherwise provided by law, a petition for writ of certiorari must be filed ninety days after entry of the judgment.

the filing of a federal habeas petition does not toll the statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 274-275 (2005).

### 1. Equitable Tolling

Petitioner contends that he is entitled to equitable tolling because he has been diligent about protecting his rights and also because has been trying to obtain a copy of his trial transcript. "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008)(quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)). The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court. *Id.* (citing *United States v. Wynn*, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A garden variety claim of excusable neglect does not support equitable tolling. *Id.* A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas

petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence. *Holland v. Florida*, 560 U.S. 2549, 2565 (2010)(internal citations and quotations omitted).

Petitioner argues that he has been pursuing his rights diligently, pointing out that he first filed a habeas petition on June 27, 2013, before the statute of limitations had expired. *See Burley v. Stephens*, No. 2:13-CV-00215 (S.D. Tex. filed June 27, 2013) at D.E. 1. In that case, the United States Magistrate Judge recommended in a Memorandum and Recommendation (M&R) filed December 12, 2013 that Petitioner's cause of action be dismissed without prejudice for failure to exhaust. Petitioner had not raised all of his issues on direct appeal, but because he had not yet filed a state habeas action, he still had an avenue to exhaust his state court remedies. *See Id.* at D.E. 34. At that point, Petitioner had approximately three months before the statute of limitations ran in his case, meaning he had sufficient time to exhaust his state court remedies and return to federal court.

Instead of doing that, Petitioner filed multiple objections to the M&R, a motion for a Certificate of Appealability, a motion for writ of mandamus, and other motions. *See Id.* at D.E. 37-44. In the meantime, on February 12, 2014, the Magistrate Judge withdrew the M&R and ordered Respondent to answer an amended petition filed by Petitioner in November 2013, prior to the issuance of the M&R. *See Id*. at D.E. 45.

On March 3, 2014, approximately ten days before the statute of limitations expired in his case, Petitioner filed a motion seeking a stay and abeyance so that he could return to federal court after filing a state habeas application, citing *Rhines v. Weber*, 544 U.S.

269 (2005).[4]  On April 10, 2014, after the statute of limitations had run, Petitioner filed a "Postponement of Action," stating that he was seeking a stay and abeyance but had not received a response from the court.  *See Id*. at D.E. 48, 50.  On April 11, 2014, Respondent sought and was granted additional time to file a response motion to Petitioner's amended motion.  *See Id.* at D.E. 49, 51.

On April 21, 2014, Petitioner filed a motion to withdraw the motion for stay and abeyance and to dismiss his federal case without prejudice "so that Petitioner can give the Court of Criminal Appeals an opportunity to review all legal theories."  *See Id.* at D.E. 52.  At that point, the statute of limitations had been expired for approximately five weeks.  The Magistrate Judge filed an M&R on April 29, 2014, recommending that Petitioner's Motion to Dismiss be granted and that his federal habeas petition be dismissed without prejudice.  *See Id.* at D.E. 53.  On June 23, 2014 the District Court adopted the M&R and dismissed Petitioner's cause of action without prejudice.  *See Id.* at D.E. 56, 57.  Despite the dismissal being without prejudice, the statute of limitations had run and any further attempt by Petitioner to pursue habeas relief in federal court would be barred by the statute of limitations.

Shortly after his case was dismissed, Petitioner filed several documents indicating that he intended to return to federal court after exhausting his state court remedies and that he was pursuing his state court remedies with due diligence.  *See Id.* at D.E. 58, 59,

---

[4] Pursuant to the holding in *Rhines*, a district court has discretion to grant a stay and abeyance of a mixed petition of exhausted and unexhausted claims when the court determines that there was good cause for a petitioner's failure to exhaust his claims and the unexhausted claims are not plainly meritless. *Rhines*, 544 U.S. at 276-279.

60, 62, 64. On October 3, 2014 Petitioner filed a motion asking the court to take judicial notice of the fact that his state court habeas action had been denied and that he was trying to obtain evidence to present in his federal habeas. *See Id.* at D.E. 63. On November 26, 2014, the Magistrate Judge entered an order denying the motion to take judicial notice, stating that final judgment had been entered in Petitioner's case at his request. The order concluded by stating that to the extent Petitioner had filed subsequent state habeas applications, the denial of which he sought to challenge before the court, he would have to file a new federal habeas case. *See Id.* at D.E. 65.

Approximately five months later, in April 2015, Petitioner filed a motion for permission to file his federal petition for habeas corpus in the original federal habeas case. Petitioner appeared to acknowledge that the statute of limitations had expired, but stated he was making an actual innocence argument which would allow him to proceed. The motion was denied on April 28, 2015. *See Id*. at D.E. 66, 67. Petitioner subsequently filed a motion to expand the record and a motion for stay and abeyance, both of which were denied. *See Id.* at D.E. 68-70. Petitioner then filed the instant case on July 2, 2015.

Petitioner argues that all of the documents he filed in his first habeas petition indicate that he was diligently pursuing his rights. While it is true that Petitioner filed a flurry of documents in both state and federal court, he did not take the simple steps outlined in the December 2013 Magistrate Judge M&R that would have allowed him to timely file his federal habeas petition. Thus, it cannot be said the he diligently pursued his rights.

Moreover, even if a finding were made that Petitioner acted diligently in his case, he cannot meet the second prong of the test because he cannot show that some extraordinary circumstance stood in the way of his timely filing his habeas petition. Petitioner knew three months before the federal deadline ran that he could not proceed until he exhausted his state court remedies but he did not do so on time. He also apparently understood that his federal case could be stayed while he exhausted his state court remedies but, for reasons which are unclear, withdrew his motion to do so. To the extent Petitioner may have misunderstood the effect of withdrawing his motion for stay and abeyance, or the effect of a dismissal without prejudice, neither a petitioner's unfamiliarity with the legal process nor his lack of representation during the applicable filing period are bases for equitable tolling. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

Petitioner has not shown that some extraordinary circumstance stood in the way of his filing his petition. Accordingly, his application for habeas relief should be dismissed as time-barred.

### 2. Actual Innocence

Petitioner also contends that he is making an actual innocence claim and that a plea of actual innocence can overcome the AEDPA statute of limitations. Petitioner is correct that "[a]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). To meet the threshold requirement, a petitioner must show that in light of new evidence, no juror,

acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995) and *House v. Bell*, 547 U.S. 518, 538 (2006)).

Petitioner has not described any newly discovered evidence that he could present if allowed to proceed with his claim. Rather, he claims that he is seeking the transcript and records from the trial that will undermine evidence presented against him. Such evidence clearly is not new and cannot form the basis of an actual innocence claim.

Petitioner also presented two affidavits from Teresa Pipkin, the mother of his daughter. Pipkin stated that she was in constant contact with Petitioner's parents during the trial proceedings and that neither of them said they had been subpoenaed to testify at his trial. In the second affidavit Pipkin stated that she had spoken to Petitioner's father who said he neither he nor his wife had received a call from Petitioner's attorney asking them to testify on Petitioner's behalf (Affidavits of Teresa Pipkin, Exs. A1 and A2 to Memo of Law; D.E. 28-3 at pp. 29-31). Petitioner presented the affidavits to refute a letter from his attorney where she stated that she had spoken to Petitioner's relatives about testifying but they told her they were too far away and could not attend because of illness, finances or both (Letter dated March 8, 2014 from Irma Sanjines, Ex. W1 to Memo. of Law; D.E. 28-3 at p. 25).

The statements submitted by Petitioner are not new evidence as described by *McQuiggin* and *Schlup* because even if the jurors had seen Pipkin's statements, they still would have been able to find Petitioner guilty beyond a reasonable doubt. First, the statements are hearsay and would not have been admissible at trial. Second, nothing in

the statements indicates that Petitioner's parents were willing or able to travel to the trial and testify for Petitioner. Third and most importantly, nothing in the statements indicates what Petitioner's parents would have testified about or if they even had any knowledge regarding the factual allegations against Petitioner.

Petitioner has failed to show that in light of the statements, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Thus, Petitioner cannot show that he is entitled to the actual innocence exception to the statute of limitations. His application for habeas corpus relief should be dismissed with prejudice because it is time-barred.

## B.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find it debatable that Petitioner's claims are time-barred. Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## **RECOMMENDATION**

It is respectfully recommended that Respondent's motion to dismiss (D.E. 46) be granted. Petitioner's application for habeas corpus relief should be dismissed with

prejudice because it is time-barred.  It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 14th day of April, 2016.

_____<br>
B. JANICE ELLINGTON<br>
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).