Case 2:15-cv-00290 Document 72 Filed in TXSD on 08/24/16 Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
August 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ERWIN BURLEY, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-290 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss as Timebarred" (D.E. 46). On April 14, 2016, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (D.E. 58), recommending that Respondent's motion be granted. Petitioner filed his objections (D.E. 66) on May 9, 2016. The objections were not timely filed and are **OVERRULED** on that basis. The Court, alternatively, reviews the objections and, as set out below, they are **OVERRULED** on their merits.

**A. Petitioner Does Not Satisfy the Actual Innocence Exception to Limitations**

Petitioner states a compilation of objections that address the Magistrate Judge's findings and conclusions regarding Petitioner's invocation of "actual innocence" as an exception to the deadline that otherwise bars his claim. His arguments are: (1) he filed his actual innocence claim timely on March 17, 2015; (2) the Magistrate Judge misapplied the test for the actual innocence exception set out in *Schlup v. Delo*, 513 U.S.

298, 329 (1995); and (3) he has submitted sufficient evidence of actual innocence. Petitioner is incorrect.

### 1. The Federal Filing Was Not Timely

The operative date for this Court's consideration of this habeas corpus petition is the date it was filed in this Court: July 2, 2015. D.E. 1, p. 3 (deposited in the mail on July 2, 2015 and filed of record on July 6, 2015). *See generally*, 28 U.S.C.A. § 2244. Petitioner's claim of filing the petition on March 17, 2015, is based on his filing of a second state habeas corpus petition in state court pursuant to Texas Code of Criminal Procedure 11.07. D.E. 66, pp. 4-5.

A filing in state court after the federal limitations provision has expired will not toll the federal deadline. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The Magistrate Judge found that the federal deadline expired on March 12, 2014, prior to any of Petitioner's filings in state court. Petitioner has not articulated any objection to the analysis underlying that determination. The Court **OVERRULES** Petitioner's claim that he timely filed his federal habeas petition.

### 2. The *Schlup* Standard Was Properly Applied

The Magistrate Judge properly recited the test for an actual innocence exception to procedural bars in habeas cases as follows: "petitioner must show that in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." D.E. 58, pp. 10-11. The test was formulated to require a petitioner to demonstrate a fundamental miscarriage of justice so as to "balance the societal interests

in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." *Schlup,* 513 U.S. at 324.

Petitioner must submit new reliable evidence that was not presented at trial. That evidence must demonstrate that it is "more likely than not" that no reasonable juror would have convicted him. *Id*. at 327. This Court must review and consider the probative force of any new evidence, including making credibility assessments. *Id*. at 327-30. While Petitioner disagrees with the Magistrate Judge's conclusions, he has not shown that the Magistrate Judge misapplied the standard. That objection is **OVERRULED**.

### 3. Petitioner Did Not Satisfy His Burden Of Proof

The record that Petitioner has assembled, raising four issues, does not satisfy his burden to "persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See Schlup,* 513 U.S. at 329.

**Trial Counsel Dishonesty**. Petitioner has demonstrated that his trial counsel represented to him that his family members refused to make themselves available to testify at trial on his behalf. D.E. 66-5, p. 7. Relying on notarized statements obtained from Teresa Pipkin, he claims that counsel was dishonest with him and never even contacted those favorable witnesses. D.E. 66-5, pp. 2-4. Among the Magistrate Judge's recommended holdings are that the matter was not admissible and did not show that the witness testimony would have proven Petitioner's actual innocence. While Petitioner

disagrees with both holdings, the Magistrate Judge is correct. And either rationale is dispositive of Petitioner's ability to rely on the issue of counsel dishonesty.

The letter disclosing counsel's alleged misrepresentation was dated after the trial. But to obtain relief on the basis of actual innocence, the aggrieved party must show that the evidence is admissible and is probative of his innocence. The Pipkin statements are inadmissible hearsay. As noted by the Magistrate Judge, they constitute classic hearsay in that they purport to show out-of-court statements of Petitioner's parents, offered for the truth of the matter asserted, as told to a third person, Pipkin. *See* Tex. R. Evid. 801(d).

The statements do not fall under an exception to the hearsay rule. Petitioner's authorities for seeking admissibility of this evidence are inapplicable. They apply to admissions of party opponents. *See* D.E. 66, p. 34 (citing Fed. R. Civ. P. 801(d)(2)(A)). Petitioner's parents are not party opponents in this case and their statements made to Pipkin are not exceptions to the hearsay rule. Petitioner's objection to the Magistrate Judge's conclusion that the evidence was inadmissible hearsay is **OVERRULED**.

Pipkin's statement, even if admitted, does not set out what testimony the witnesses would have provided, such that the Court can come to no conclusion as to whether it would have influenced any juror's vote on Petitioner's guilt. They were not eye-witnesses to any of the events. And even if character witnesses would have made a difference, nothing that Petitioner has provided demonstrates whether the testimony the absent witnesses would have given regarding character would have been favorable and would have withstood cross-examination. The information provided to the Court is not

probative of Petitioner's alleged innocence. As the counsel dishonesty[1] evidence Petitioner offers is not admissible, or probative of actual innocence, he cannot rely on that factual predicate for habeas relief in this Court. Petitioner's challenge to the M&R based upon Pipkin's statements is OVERRULED.

**Perjured Testimony**. Petitioner represents that Officers Livingston and Leal gave perjured testimony in his trial and that the prosecutor knowingly suborned the perjury. In particular, he claims that they did not testify truthfully when they stated that they found drugs on Petitioner's co-defendant, that there was drug paraphernalia readily available, these things were in plain view, and that Petitioner was a lessee of the residence. In support of this argument, Petitioner has attached Exhibits 5A, 5B, 7, 18A, 18B, 19 (D.E. 66-5, pp. 5-6, 10; D.E. 66-9, pp. 3-5).

Exhibits 5A, 5B, and 7 appear to be briefing excerpts. The exhibits do not reflect the date of the briefing, the context in which it was done, its author, or any other authenticating information. And briefing in a case does not constitute evidence. Exhibits 18A and 18B are heavily interlineated excerpts of trial proceedings that are, likewise, without cover sheets, court reporter's certifications, dates, context, or identity of speakers. Furthermore, they do not purport to establish evidence of exculpatory facts but rather state evidence of facts that Petitioner seeks to disprove. Exhibit 19 appears to be a copy of a page from a Corpus Christi Police Department investigation report that pertains

---

[1] Any allegation of ineffective assistance of counsel is collateral to the actual innocence claim at this point and must include proof that, but for counsel's error, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Because Petitioner has not demonstrated that this element of prejudice exists in this case, his objection to any rejection of his ineffective assistance claim is **OVERRULED**.

to the circumstances surrounding Petitioner's arrest. It is not authenticated and supports Petitioner's conviction rather than demonstrating any perjury.

Petitioner's exhibits are not competent evidence and do not prove that the officers are guilty of perjury. While Petitioner may disagree with their testimony, his evidence and argument are insufficient to show that no reasonable juror, properly charged, would have voted to convict him. The Court **OVERRULES** any objection to the M&R based on Petitioner's allegation of perjury.

**Trial Transcript**. Petitioner does not offer any part of his trial transcript. Instead, he complains that he has been denied access to it and that, if provided, it would reveal perjury and falsified exhibits. In support of this argument, he offers Exhibits 8, 9, and 10 (D.E. 66-6, D.E. 66-7, pp. 1-2). Exhibit 8 is his appellate counsel's "case status" letter advising Petitioner that she has picked up the records from his trial but that they are "too many to copy." Exhibits 9 and 10 constitute a fax (sent through Petitioner's ex-wife, Sonia Clayton) to a state judge by which Petitioner complains that his appellate counsel has not forwarded to him a copy of his appeal brief and complaining of other matters.

Petitioner's argument is that he intended to compare the trial transcript with his brief to prove perjury and falsification of exhibits. He relies on *Wade v. Mays*, 689 S.W.2d 893 (Tex. Crim. App. 1985) (en banc) as establishing that the state court had a ministerial duty to supply him with a trial transcript. *Wade* does not stand for that proposition. Instead, it sets out the requirements for obtaining a writ of mandamus to compel a court to do a ministerial act.

However, upon proper motion, an indigent criminal defendant is entitled to have the reporter's record prepared at the county's expense. Tex. R. App. P. 20.2. Even so, Petitioner's own evidence demonstrates that the record was created and was provided to his attorney, his representative in that regard. D.E. 8. Petitioner has not cited any other authority for the proposition that his attorney or anyone else had a ministerial duty to make an additional copy for his personal use.

Thus Petitioner has not demonstrated that he had any more right to the transcript than was provided to him. He has not shown that he was prevented from working with his attorney to obtain a copy at his own expense. Neither has he shown that the transcript would have made a difference. His argument is mere speculation that the record would reveal perjury. Speculation is not evidence. Petitioner's complaints regarding a lack of access to his trial transcript do not address the actual innocence burden of proof that he bears. The Court **OVERRULES** Petitioner's objection to the M&R based upon his alleged lack of access to the transcript.

**Canine Report**. Petitioner also invokes the content of the canine report as a source of evidence to either exculpate him or demonstrate perjury in the testimony of the prosecution witnesses. However, the canine report is not something that he has in his possession. He has not offered it to the Court or even shown that it exists. Rather, his only evidence is Exhibit 19, line 10 (D.E. 66-9, p. 5). That is a line out of what appears to be a page of the police investigative report that references that a canine unit arrived at the scene. There is no reference that the canine unit would have prepared or filed a separate report or that anything in it would have rendered evidence in Petitioner's favor.

Petitioner may not rely on the speculative content of a hypothetical document in seeking habeas relief in this Court.  The Court **OVERRULES** any objection to the M&R based upon Petitioner's lack of access to any canine report.

### 4. Conclusion

Habeas corpus relief is barred by limitations because the petition filed in this Court was untimely.  While there is an exception to limitations upon a showing of actual innocence, the Magistrate Judge properly applied the *Schlup* test for providing such relief and properly found the evidence insufficient to satisfy Petitioner's burden.  The Court **OVERRULES** all of Petitioner's objections to the denial of relief based on his claim of actual innocence.

### B. Equitable Tolling

Petitioner objects to the Magistrate Judge's recommended holding that he was not entitled to equitable tolling, arguing that he had to overcome a number of obstacles to bring this habeas action and that he diligently undertook to overcome them.  However, he recites a number of problems, lawsuits, and other efforts that do not apply to the factual basis of the Magistrate Judge's recommended holding and that are not demonstrated to be chronologically relevant.

The Magistrate Judge found Petitioner ineligible for equitable tolling because he failed to explain why "he did not take the simple steps outlined in the December 2013 Magistrate Judge M&R [issued in Case No. 2:13-cv-215] that would have allowed him to timely file his federal habeas petition."  D.E. 58, p. 9.  Instead, he pursued objections to

that M&R and ultimately withdrew his motion to stay the case pending exhaustion of state remedies and affirmatively sought to dismiss his federal habeas case.[2]

Petitioner recites a number of issues, such as his legal work being stolen, the confiscation of his property, legal efforts to reclaim his property, and the state court's failure to enter findings of fact. But none of these issues explain why he voluntarily dismissed his pending federal case without ensuring the exhaustion of state remedies and his ability to re-file the federal case. Neither does he show that these events occurred during the window of opportunity he had between the determination that he had not exhausted all of his state remedies and the expiration of federal limitations. Because Petitioner's objections do not address the basis for the Magistrate Judge's recommended findings and conclusions, they are **OVERRULED**. As the Magistrate Judge observed, Petitioner may have been mistaken about the legal consequences of his action, but he does not address that issue and the lack of legal representation or knowledge does not trigger equitable tolling. Petitioner has not shown himself entitled to equitable tolling of the statute of limitations in this case.

**C. Additional Objections and Requests**

As a preliminary matter, Petitioner stated that he "stands firm" with his claims and seeks to incorporate by reference his previous briefing into his current objections. Incorporation by reference of prior briefing fails to challenge, with specificity, the recommended findings of fact and conclusions of law of the Magistrate Judge as required

---

[2] In Case No. 2:13-cv-215, Petitioner timely filed his "Motion to Stay and Abeyance," (D.E. 48), then filed a motion to withdraw the motion to stay and requested a dismissal without prejudice (D.E. 52) on April 16, 2014—after limitations expired. The motion to dismiss was granted (D.E. 56), activating the time bar.

by 28 U.S.C. § 636(b).  The Court rejects Petitioner's attempted incorporation by reference and, to the extent that it attempts to state an objection, the objection is **OVERRULED**.

The Court further notes Petitioner's objection that the Magistrate Judge erred in saying that he was convicted of a first degree felony because the indictment recited a second degree offense and he was convicted of the lesser included third degree offense. The Magistrate Judge correctly recited the conviction history in this case, as advocated by Petitioner.  D.E. 58, p. 2 (indicted on second degree felony and convicted on lesser included third degree felony).  The reference to a first degree felony is taken from Petitioner's amended habeas corpus petition.  D.E. 58, p. 4 (referencing petition, D.E. 38, p. 7, which recites, "Judgment of Conviction displays that Petitioner was tried for a 1st degree Felony Offense which was used Against him in Another Proceeding").  The Court **OVERRULES** Petitioner's objection to the Magistrate Judge's recitation of Petitioner's complaint.

Petitioner included in his objections a request for evidentiary hearing.  This request is inconsistent with the procedure and objectives of 28 U.S.C. § 636(b), in which the evidence is to be presented to the Magistrate Judge, and this Court's review is streamlined to encompass specific objections and clear error.  The Court finds that the issues were sufficiently presented in Petitioner's written objections and the request for hearing is **DENIED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as

Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Respondent's Motion to Dismiss as Timebarred (D.E. 46) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.  In the event that Petitioner seeks a certificate of appealability, the request is **DENIED**.

ORDERED this 24th day of August, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE